1

2

3

4                                UNITED STATES DISTRICT COURT

5                               NORTHERN DISTRICT OF CALIFORNIA

6

7       ABED FITYAN,                              Case No. 24-cv-07034-AMO

8                       Plaintiff,
                                                  **ORDER GRANTING MOTION TO**
9               v.                                **REMAND**

10      WORLD COURIER, INC., et al.,              Re: Dkt. No. 17

11                      Defendants.

12          Plaintiff Abed Fityan commenced this employment discrimination action against

13   Defendants World Courier, Inc., Cencora, Inc., Amerisourcebergen Drug Corporation,

14   Amerisourcebergen Services Corporation, Amerisourcebergen Specialty Group, LLC, and Rina

15   Savaiinaea in San Mateo Superior Court on August 26, 2024.  ECF 1-1 ("Compl.").  Fityan asserts

16   state law claims for (1) disability discrimination in violation of the Fair Employment and Housing

17   Act ("FEHA"), (2) disability retaliation in violation of FEHA, (3) failure to provide reasonable

18   accommodations in violation of FEHA, (4) failure to engage in the interactive process in violation

19   of FEHA, (5) violation of the California Family Rights Act ("CFRA"), (6) race/national origin

20   discrimination in violation of FEHA, (7) race/national origin retaliation in violation of FEHA,

21   (8) failure to prevent discrimination and retaliation in violation of FEHA, (9) wrongful termination

22   in violation of public policy, and (10) intentional infliction of emotional distress.  *Id.* at 8-30.  He

23   served the corporate defendants with a copy of the summons and complaint on September 4, 2024.

24   ECF 1 ("Notice of Removal") at 3.

25          The corporate defendants removed the action to this Court on October 7, 2024, claiming

26   diversity jurisdiction.[1]  *Id.*  Fityan moves to remand the action back to state court because, among

27   ───────────────────

28   [1] At the time of removal, Fityan, a California resident, had not yet served Savaiinaea, who is also a
     California resident.  Notice of Removal at 5; Compl. at 3, 4.

United States District Court
Northern District of California

1   other things, the corporate defendants' notice of removal is untimely and diversity jurisdiction is

2   lacking.[2]  ECF 17 ("Mot.") at 12-22; ECF 23 ("Reply") at 3-8.  Fityan also seeks attorney's fees

3   for the improper removal.  Mot at 20-21; Reply at 8.  The corporate defendants oppose.  ECF 21

4   ("Opp.").

5        Assuming, without deciding, that the notice of removal was timely, remand would

6   nonetheless be appropriate because diversity jurisdiction is lacking.  The corporate defendants

7   invite the Court to reach a contrary conclusion, arguing that because they properly effected a "snap

8   removal," the Court should disregard the citizenship of the individual defendant.  *See* Notice of

9   Removal at 5 ("[W]hile Plaintiff alleges that Defendant Rina Savaiinaea is 'a resident of the State

10  of California' . . . , her citizenship is not relevant for purposes of diversity jurisdiction because she

11  has not been served as of the date of this Notice of Removal."); Opp. at 10 ("[B]ecause Ms.

12  Savaiinaea was not served as of the date of Defendants' removal, her citizenship is not relevant for

13  purposes of 28 U.S.C. § 1441(b)(2).").

14       The corporate defendants' contention that their " 'snap' removal imbues this Court with

15  removal jurisdiction" by rendering Savaiinaea's irrelevant citizenship, *see* Opp. at 10, is incorrect.

16  A "snap removal" refers to "[t]he practice of circumventing application of the forum-defendant

17  rule by removing before defendants are served . . . ."  *See Lam Sing v. Sunrise Senior Mgmt., Inc.*,

18  No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023).  But "the forum-

19  defendant rule is irrelevant if there is simply no original jurisdiction in the first place."  *Id.*   The

20  corporate defendants' emphasis on their snap removal is thus misplaced, as "[s]nap removal does

21  not solve the fundamental problem of lack of complete diversity."  *Id.* at *2.

22       The corporate defendants next argue that even if Savaiinaea's citizenship were relevant,

23  her being from California does not destroy diversity because she has been fraudulently joined.

24  Opp. at 10-11.  Not so.  "Joinder is fraudulent if the plaintiff fails to state a cause of action against

25  a resident defendant, and the failure is obvious according to the settled rules of the state."  *Lam*

26

27  [2] With his briefs, Fityan also filed several objections to the evidence the corporate defendants submitted in support of the notice of removal and their opposition to the motion to remand.

28  ECF 18, 24.  Because remand is appropriate even when those materials are considered, Fityan's objections are **OVERRULED AS MOOT**.

2

1    *Sing*, 2023 WL 3686251, at \*2 (internal quotations, citation, and modification omitted).  The

2    corporate defendants contend that the sole claim Fityan asserts against Savaiinaea – for intentional

3    infliction of emotional distress – is not viable because it is based on her supervisory actions alone.

4    *Id.* at 11.  According to the removing defendants, Fityan must allege some extreme or outrageous

5    conduct by Savaiinaea separate and apart from mere supervisory conduct.  *Id.* (citing *Light v.*

6    *Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 102 (2017)).[3]

7           This argument does not carry the removing defendants' heavy burden to show, "by clear

8    and convincing evidence" that "there is no possibility that [Savaiinaea] may be liable on the

9    claims in the complaint."  *See Nieves v. Costco Wholesale Corp.*, No. 3:22-CV-00977-JD, 2022

10   WL 5199904, at \*2, \*3 (N.D. Cal. Oct. 5, 2022).  Fityan alleges that Savaiinaea summarily

11   dismissed him, refused to provide accommodations without engaging in a good-faith, interactive

12   process, that Savaiinaea forced Fityan to report for an in-person meeting during which he was

13   terminated, while he has on medical leave and just days after he extended his leave of absence,

14   and that Savaiinaea preferentially treated and favored Filipino employees and discriminated

15   against non-Filipino employees by denying them overtime and certain assignments and selectively

16   enforcing company policies.  Compl. at 8.  Fityan alleges that this conduct was outrageous and

17   undertaken wrongfully, willfully, and/or intentionally to inflict emotional distress on him.  Based

18   on these allegations, "a state court possibly could find that plaintiff has established a cause of

19   action for intentional infliction of emotional distress[,]" such that his naming of Savaiinaea as a

20   defendant is not fraudulent.  *See Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1178 (N.D. Cal.

21   2003).  Accordingly, the Court declines to disregard Savaiinaea's citizenship on the theory that

22   she was fraudulently joined.

23          When factoring in Savaiinaea's citizenship, the diversity jurisdiction the corporate

24

25   _____

26   [3] The removing defendants cite *Light* for the proposition that "[a] claim for intentional infliction of
     emotional distress requires extreme or outrageous conduct by the defendant herself; her
27   'responsibility' as a supervisor alone is insufficient."  14 Cal. App. 5th at 102.  But that case was
     decided at the summary judgment stage, *see id.* at 80, not under the "no possibility" standard,
28   which the removing defendants must meet to establish fraudulent joinder.

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    defendants cite as the basis for removal does not exist.  Fityan is a California resident and so is

2    Savaiinaea.  Compl. at 3, 4.  While "residency and domicile for citizenship are not, strictly

3    speaking, always the same," the Court applies the " 'longstanding principle' that 'the place where

4    a person lives is taken to be his domicile until facts adduced establish the contrary.' " *Boone v.*

5    *FCA US LLC*, No. 21-cv-01591-JD, 2021 WL 5331440, at \*2 (N.D. Cal. Nov. 16, 2021) (quoting

6    *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016)).  Because no such facts have

7    been offered here, the allegations in Fityan's complaint are sufficient to establish California

8    citizenship.  And because Fityan and Savaiinaea are both California citizens, diversity does not

9    exist.  As Fityan alleges no federal claim in his complaint, the absence of diversity requires

10    remand for lack of subject matter jurisdiction.[4]

11            For the reasons set forth above, Fityan's motion to remand is **GRANTED**.  The Clerk is

12    instructed to remand this action to San Mateo County Superior Court and close the file in this

13    matter.  The Court finds that the corporate defendants lacked an objectively reasonable basis for

14    removing the case to this Court.  Indeed, one of the many cases on which the corporate defendants

15    rely rejects the arguments made here about the effect of a snap removal – i.e., that "Defendants'

16    'snap' removal imbues this Court with removal jurisdiction."  *See* Opp. at 9-10 (citing *Lam Sing*,

17    2023 WL 3686251, at \*3).  In *Lam Sing*, the Court clearly rejected this view: "[t]o the extent that

18    [defendant] argues snap removal can actually confer diversity jurisdiction where it otherwise

19    would not exist, that argument is without merit."  *Lam Sing*, 2023 WL 3686251, at \*3.  Given that

20    the corporate defendants decided to nonetheless rely on their snap removal as a means to establish

21    otherwise lacking jurisdiction, Fityan may file a motion for attorney's fees in compliance with

22    Civil Local Rule 54-5.

23            **IT IS SO ORDERED.**

24    Dated: January 27, 2025

25                                                    _____

26                                                    **ARACELI MARTÍNEZ-OLGUÍN**
                                                     **United States District Judge**

27

28    [4] Given the absence of diversity, the Court does not reach the parties' remaining arguments on
whether diversity jurisdiction exists or is lacking for other reasons.

4