UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABED FITYAN,<br><br>          Plaintiff,<br><br>    v.<br><br>WORLD COURIER, INC., et al.,<br><br>          Defendants. | Case No. 24-cv-07034-AMO<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 29 |

On January 27, 2025, the Court remanded the above-captioned case to state court. ECF 27. In its order, the Court permitted Fityan to "file a motion for attorney's fees in compliance with Civil Local Rule 54-5." *Id.* at 4. Fityan filed that motion on February 10, 2025. ECF 29. Defendants filed their opposition on February 24, 2025. ECF 33. Fityan's reply followed on March 3, 2025. ECF 34. Having reviewed the parties' submissions, the Court finds that Fityan has failed to file the fees motion in compliance with Civil Local Rule 54-5, as directed in the Court's January 27 order.

Civil Local Rule 54-5 requires, in pertinent part:

> Unless otherwise ordered, the motion for attorney fees must be supported by declarations or affidavits containing the following information:
> (1) A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held; and
> (2) A statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including in camera inspection, as the Judge deems appropriate; and
> (3) A brief description of relevant qualifications and experience and a statement of the customary hourly charges of each

> such person or of comparable prevailing hourly rates or other indication of value of the services.

Civil Local Rule 54-5(b).

The declaration Bijan Mohseni that Fityan offers in support of his fee motion contains no statement that "describe[es] the manner in which time records were maintained." *See* ECF 30. This deficiency warrants denial of the motion because without it, the Court has no assurance that the information Mohseni reports, which is not based on personal knowledge but merely on "information and belief," is grounded in actual time expended by the multiple attorneys who claim to have worked on the remand briefing. Mohseni Decl. ¶ 12. Denial of the motion is additionally warranted because the number of hours (35.5) and amount of fees ($20,170.00) claimed in the Mohseni Declaration is unreasonable on its face in light of the nature of the remand briefing and reflects no exercise of reasonable billing judgment. *See* Mohseni Decl. ¶¶ 12-13. Fityan's request, in reply, to submit "any further information or records to substantiate the time spent by [his] counsel," ECF 34 at 7, is denied, as the January 27 order put Fityan on notice that any motion presented needed to comply with Civil Local Rule 54-5.

For these reasons, Fityan's motion for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 24, 2025

                                                                     ARACELI MARTÍNEZ-OLGUÍN
                                                                     **United States District Judge**